```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS


DARRIS COLTON THOMAS, JR.,

                        Plaintiff,

           v.                                CASE NO. 18-3034-SAC

ROGER SOLDAN, et al.,

                        Defendants.
```

### NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se and seeks leave to proceed in forma pauperis.

### The motion to proceed in forma pauperis

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

Because the financial records show that plaintiff has no resources in his institutional account, the Court grants plaintiff

leave to proceed in forma pauperis. Plaintiff remains obligated to pay the $350.00 filing fee in installments, as funds become available.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action

supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombley* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

### Discussion

The complaint identifies as defendants two officers employed by Saline County, Sheriff Soldan and Undersheriff Melander. Plaintiff broadly claims violations of his rights at the jail, stating that he is subjected to excessive bail and fines, that inmates are charged for indigent supplies, that the day room is not cleaned by a porter

every day, that officers do not wear hair coverings and gloves during meal service in segregation, that there is no law library or librarian, that the disciplinary board is corrupt, and that officers seized property during a search of his cell. (Docs. #1 and #3). He seeks damages.

The Court has carefully reviewed the complaint and has identified several deficiencies.

First, plaintiff makes broad allegations of fact and does not identify any acts or omissions by a named defendant. He brings this matter under 42 U.S.C. § 1983 and "[i]ndividual liability under § 1983 must be based on [the defendant's] personal involvement in the alleged constitutional violation." *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 768 (10th Cir. 2013)(citation omitted).

Next, plaintiff's claim of excessive bail arises from the criminal proceedings against him and cannot be addressed in this civil action. His allegation of excessive fines is not specific, and the complaint does not identify what those fines are, when they were imposed, and by whom.

Because plaintiff appears to be in pretrial confinement, the Court analyzes his claims concerning the conditions of confinement at the jail under the Fourteenth Amendment. A pretrial detainee has not been adjudicated of guilt, and the state "may subject him to the restrictions and conditions of the detention facility… so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979).

In the Tenth Circuit, a pretrial detainee's due process rights are essentially equivalent to those of convicted prisoner:

"[p]retrial detainees are protected under the Due Process Clause rather than the Eighth Amendment. In determining whether [plaintiff's] rights were violated, however, we apply an analysis identical to that applied in Eighth Amendment cases brought pursuant to §1983." *Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999)(citing *Bell v. Wolfish*, 441 U.S. at 535).

To show a constitutional violation, plaintiff must show that the conditions he challenges are objectively "sufficiently serious" to deny him "the minimal civilized measure of life's necessities", *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) and that the defendant officials acted with "deliberate indifference", which, in turn, requires a showing that the officers knew of and disregarded a significant risk of serious harm to the prisoner. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Because the Eighth Amendment "does not mandate comfortable prisons", the conditions of confinement may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Here, plaintiff's allegations concerning indigent supplies, cleaning services, and cell searches do not present claims that are sufficient to state a claim for relief. Plaintiff presents no specific claim that is subjectively serious in terms of his daily life at the jail, nor does he plausibly allege any act or omission that might be viewed as deliberate indifference.

His claim concerning the lack of a law library at the jail likewise does not state a claim for relief. While a prisoner has a fundamental right of access to the courts, *Bounds v. Smith*, 430 U.S. 817, 821 (1977), to state a violation of that right, a prisoner must show actual injury "that is, that the prisoner was frustrated or

impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction and or his conditions of confinement." *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010)(citation omitted). Here, it appears that plaintiff has counsel in his criminal case, and he has identified no actual injury arising from a viable civil claim.

Finally, plaintiff's claim of lost property incident to a search of his cell does not state a claim for relief[1]. The U.S. Supreme Court has held that "an unauthorized intentional deprivation of property…does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The *Hudson* Court determined that a prison grievance procedure can be an adequate post-deprivation remedy for an alleged loss of property. *Id.* at 536 n. 15.

Although the Court does not find on the present record that the property loss alleged by plaintiff was an unauthorized deprivation of property, it appears clear that the grievance procedure afforded plaintiff a postdeprivation remedy.

### Order to Show Cause

For the reasons set forth, the Court directs plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall commence under 28 U.S.C. § 1915(b)(2) and shall continue

---

[1] In addition, plaintiff identifies no personal participation by a named defendant in the taking of his property.

until plaintiff satisfies the $350.00 filing fee.

IT IS FURTHER ORDERED plaintiff is granted to and including April 6, 2018, to show cause why this matter should not be dismissed for failure to state a claim for relief.

**IT IS SO ORDERED.**

DATED:  This 6th day of March, 2018, at Topeka, Kansas.

>                    S/ Sam A. Crow
>                    SAM A. CROW
>                    U.S. Senior District Judge